IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:03CR3170 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| ALICE PEDROZA, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the revised presentence investigation report and addendum in this case and the defendant's motion for downward departure (filing 37).

IT IS ORDERED that:

(1)   Regarding the motion for departure due to significantly reduced mental capacity (filing 37), the court is tentatively inclined to believe that the motion should be granted based upon the uncontested facts stated in the Presentence Investigation Report (PSR) and the probation officer's conclusion that "a departure from the minimum guideline range is warranted based upon Ms. Pedroza's history of mental illness (schizophrenia) . . . ." (PSR ¶ 155.)

(2)   The Court is tentatively inclined to believe that it should depart downward from the low end of the otherwise applicable Guideline range of 262 months to 120 months in prison, the statutory minimum. If the defendant seeks a sentence below the statutory minimum, the defendant's counsel should research and brief the question of whether a sentence below the statutory minimum sentence would be lawful. Government's counsel may brief this issue as well. Of course, the parties may brief other pertinent legal and factual questions. All of the foregoing briefs shall be filed at least one day prior to sentencing.

(3)     The motion for departure (filing 37) will be resolved at sentencing.

(4)     The probation officer is herewith directed to obtain and have available at the sentencing hearing all of the evaluations and other medical records mentioned in the PSR regarding the defendant's competency and mental status. Before the sentencing hearing, the probation officer shall contact the courtroom deputy and have these evaluations and medical records marked as Court exhibits. My chambers shall provide Kelly T. Nelson, the probation officer, with a copy of these tentative findings and call to his attention this paragraph.

(5)     The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(6)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(7)     Absent submission of the information required by paragraph 6 of this order, my tentative findings may become final.

(8)     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

(9)     The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to

sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-<u>Booker</u> departure theory; and (f) in cases where a departure using pre-<u>Booker</u> departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

DATED May 20, 2005.

BY THE COURT:

s/ Richard G. Kopf
United States District Judge